Filed 7/29/14  P. v. Covarrubias CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B250029 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA398657) |
| v. | |
| RENE COVARRUBIAS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Lisa B. Lench, Judge.  Reversed and remanded.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Herbert S. Tetef, Deputy Attorneys General, for Plaintiff and Respondent.

_____

After a third jury trial, defendant Rene Covarrubias was convicted by a jury of possession of a firearm by a felon in violation of Penal Code section 12021, subdivision (a)(1)[1] (count 3).[2]  The trial court sentenced defendant to six years in state prison.

Defendant appeals on the grounds that:  (1) the trial court prejudicially erred in failing to give a unanimity instruction with respect to count 3; (2) the trial court improperly admitted other bad act evidence; (3) the trial court's denial of defendant's request for a continuance of the sentencing hearing violated defendant's due process rights; and (4) defendant requests an independent review of the trial court's in camera hearing on a *Pitchess* motion.[3]

We find that the trial court's failure to give a unanimity instruction was error, and that the error was not harmless.  Accordingly, we reverse the judgment.

**FACTS**

**Prosecution Evidence**

On August 23, 2011, at approximately 7:00 p.m., Jermaine Marbuery was walking on West 58th Street in Los Angeles, going from his house to a mini-market.  He saw defendant in front of defendant's home, talking to two acquaintances, Stub and Jay.  Marbuery knew defendant from growing up together.

Defendant said hello to Marbuery, shook his hand, hugged him, and said, "You know you owe me."  Marbuery was caught off guard and angered by the statement.  Marbuery had borrowed $15 from defendant about 10 years before, but Marbuery believed that defendant had stabbed his brother about 20 years ago.  Defendant and Marbuery had words, and defendant challenged him to a fight.  When Marbuery declined,

---

[1]    All further statutory references are to the Penal Code unless otherwise noted.

[2]    The first trial resulted in a mistrial due to jury deadlock.  In the second trial, defendant was acquitted of attempted murder (count 1), but the jury deadlocked on the remaining counts.  The third jury found defendant not guilty of assault with a firearm (count 2) and possession of ammunition by a felon (count 4).

[3]    *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

2

defendant told him to wait while he went inside his house. After defendant went inside, Stub gestured to Marbuery to leave.

Marbuery walked a few houses down the street and turned around. He saw defendant pointing a rifle at him. Marbuery felt a bullet hit his buttocks area and then another bullet hit his forearm.

Marbuery ran to Hercules Market and called 911. He told the operator that he was shot by a Hispanic male, but he did not name defendant. When the police arrived, he again did not tell them he was shot by defendant. After he was transported to the hospital, Marbuery was shown a picture of defendant by the police and identified him as the shooter. However, at the first two trials in this matter, Marbuery testified that he did not know who had shot him. At the final trial, Marbuery identified defendant as the shooter.

Los Angeles Police Officer Alex Alas responded to the 911 call at approximately 7:50 p.m. As the police car traveled westbound on West 58th Street, Officer Alas spotted defendant talking to a group of people in front of a home. Defendant then crossed the street carrying a large black duffel bag. He set the bag down in the front yard of another residence. Officer Alas stopped defendant.

Police Officer Cody MacArthur opened the bag. In it, he saw a rifle, a baseball bat, and a shotgun barrel. The rifle's magazine held three rounds of ammunition, and a fourth bullet was found next to the bag on the sidewalk.

No shell casings were found in the vicinity. The police searched defendant's house but did not find any relevant evidence. A gunshot residue test of defendant's hands did not detect any gunshot residue.

**Defense Evidence**

Dr. David Duarte treated Marbuery at the hospital. Marbuery had gunshot wounds to his right buttock and left arm. Defendant was treated with pain medication.

A defense investigator took photographs and measured distances at West 58th Street. She testified that it was 130 feet from where Marbuery testified defendant was

3

standing to a tree near where Marbuery testified he was shot. It was a quarter mile to Hercules Market.

## DISCUSSION

Defendant contends that the trial court committed reversible error when it failed to give a unanimity instruction with respect to the possession of a firearm by a felon charge. We agree and therefore do not reach defendant's remaining contentions, except for review of the *Pitchess* motion, which we discuss below.

We review a claim of instructional error de novo. (*People v. Alvarez* (1996) 14 Cal.4th 155, 217.) "Whether or not to give any particular instruction in any particular case entails the resolution of a mixed question of law and fact that . . . is . . . predominantly legal. As such, it should be examined without deference." ( *People v. Waidla* (2000) 22 Cal.4th 690, 733.)

A jury verdict must be unanimous in a criminal case. (*People v. Russo* (2001) 25 Cal.4th 1124, 1132.) If the accusatory pleading charges a single offense, and the evidence shows the defendant committed more than one act that could constitute that offense, the jury must be instructed that the defendant can be found guilty only if the jurors unanimously agree the defendant committed the same, specific act comprising the crime. (*Ibid*.) This requirement is intended to eliminate the danger that the defendant will be convicted even though there is no single offense that all jurors agree he or she committed. (*Ibid.*) A unanimity instruction typically applies to acts that could have been charged as separate offenses. (*People v. Edwards* (1991) 54 Cal.3d 787, 824.)

"In deciding whether to give the instruction, the trial court must ask whether (1) there is a risk the jury may divide on two discrete crimes and not agree on any particular crime, or (2) the evidence merely presents the possibility the jury may divide, or be uncertain, as to the exact way the defendant is guilty of a single discrete crime. In the first situation, but not the second, it should give the unanimity instruction." (*People v. Russo*, *supra*, 25 Cal.4th at p. 1135.) "The duty to instruct on unanimity when no election has been made rests upon the court sua sponte. [Citation.] Because jury unanimity is a constitutionally based concept, '. . . the defendant is entitled to a verdict in

4

which all 12 jurors concur, beyond a reasonable doubt, as to each count charged.' [Citation.]" (*People v. Melhado* (1998) 60 Cal.App.4th 1529, 1534.)

A unanimity instruction was clearly called for here. In the prosecution's closing—in the argument and on rebuttal—the prosecutor relied on two separate incidents to support the felon in possession of a firearm charge. In explaining what evidence could be applied to the charge, the prosecutor initially stated: "Marbuery said that he saw the defendant firing a rifle at him. He saw him in possession of that rifle. Officer Alas said he saw the defendant carrying a black duffel bag across 58th Street when he drove down the street. Then Officer MacArthur said he went to that bag and removed the rifle, which was loaded with three bullets." Again, in rebuttal, the prosecutor said: "[Defense counsel] pointed out that there is no physical evidence with regard to the defendant having possession of a rifle. But there is two eyewitnesses who saw him with that rifle. Jermaine Marbuery saw him pointing it at him and shooting at him with that rifle, and then Officer Alas saw him walking across West 58th Street to 540 West 58th Street with that gun in that bag. There are two witnesses here."

The question thus becomes whether the failure to give a unanimity instruction was harmless error. (See *People v. Hernandez* (2013) 217 Cal.App.4th 559, 576.) We find that it was not. Reasonable jurors could have differed on which incident constituted defendant's possession of a firearm. Some jurors may have believed that Marbuery saw defendant pointing a gun at him. Other jurors may have discounted Marbuery's story, but believed that Officer Alas saw defendant carrying the duffel bag holding a rifle.

Respondent contends that jury members could not have based the possession conviction on the incident involving Marbuery because defendant was found not guilty of assault with a firearm. The case of *People v. Hernandez* demonstrates why this arguments fails. In *People v. Hernandez*, the defendant was charged with unlawful possession of a firearm. Evidence was presented that the defendant was seen at a former girlfriend's house with a gun, and he later was found driving a car with a gun hidden under the hood. The defendant offered separate defenses as to each alleged possession—that he did not have a gun at the house, and that he did not have "'dominion and control'"

5

over the gun hidden in the car. (*People v. Hernandez, supra*, 217 Cal.App.4th 559, 574.) The presentation of these separate defenses "'gave the jury a rational basis to distinguish between the various acts'" and raised the possibility that some jurors might have based the conviction on the first act and others on the second. (*Id.* at p. 578.)

At trial in this matter, defendant's counsel proffered separate defenses for each alleged possession. First, defense counsel argued that Marbuery was not credible, that he had previously testified that defendant was not the perpetrator, and that his eventual testimony that defendant was the shooter was unreliable. Second, defense counsel argued that Officer Alas was a long distance from defendant when he allegedly saw him carrying the duffel bag. Further, there was no physical evidence tying defendant to the bag. No gunshot residue was found on defendant, no fingerprints linking defendant to the bag or its contents were found, and no evidence was found in defendant's house.

Giving these separate defenses, it is not clear that all jurors based the conviction upon defendant's possession of the duffel bag. Some jurors may have been persuaded that the lack of physical evidence created a reasonable doubt that defendant possessed a duffel bag containing a firearm,[4] but found defendant guilty based on Marbuery's testimony that he saw defendant holding a rifle. Because jurors may have differed on the particular criminal act that formed the basis of the verdict, the error was not harmless. We therefore must reverse.[5]

---

[4] This possibility is likely in light of the jury's verdict on count 4. Despite Officer MacArthur's testimony that three rounds of ammunition were in the magazine of the rifle and a fourth round was on the sidewalk by the duffel bag, defendant was found not guilty of felon in possession of ammunition.

[5] Defendant moved for discovery of personnel information relating to Officers Alas and Resureccion. (*Pitchess, supra*, 11 Cal.3d 531.) Defendant requests that this Court independently review the transcript of the *Pitchess* hearing to determine if any additional discoverable materials were withheld. The People do not object to this request. We review the trial court's ruling on a motion to discover personnel records for abuse of discretion. (See *People v. Samayoa* (1997) 15 Cal.4th 795, 827.) Our independent review reveals that the trial court properly exercised its discretion and its order concerning the disclosure of materials to the defense was correct.

## DISPOSITION

The judgment is reversed and remanded for purposes of retrial of count 3, if the prosecution so elects.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


                                    BOREN, P.J.

We concur:


    ASHMANN-GERST, J.


    FERNS, J.*

---

\*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.